**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CLAUDE STANLEY ROWDEN**                                               **PLAINTIFF**

**VS.**                                  **4:04CV00312-WRW**

**INTERNATIONAL PAPER CO.**                                        **DEFENDANT**

**ORDER**

This case alleges employment discrimination based on race, age, retaliation, and disability. Defendant filed a Motion for Summary Judgment on all claims.[1] Plaintiff responded.[2] Defendant's Motion is GRANTED.

**I. Background**

Plaintiff is employed by Defendant, International Paper Company. He was hired on June 21, 1989 at Defendant's plant in Louisiana. When the Louisiana plant closed, Plaintiff transferred to Defendant's Pine Bluff plant. He started work in Pine Bluff on August 9, 1993. Plaintiff and six other transferred employees drew lots to determine how each would rank in seniority. While seniority changed with the transfer, service in Louisiana would carry forward to calculate vacation.[3]

Plaintiff is part African-American and part Caucasian, he is 46 years old, and has diabetes and hypertension. He takes medicine for his diabetes, but no longer takes medication for hypertension. Because of his diabetes Plaintiff must occasionally stretch his legs, check his

---

[1] Doc. No. 33.

[2] Doc. No. 37.

[3] Although Plaintiff's Complaint alleges that Defendant told him he could keep his seniority for all purposes, Plaintiff's Brief concedes that Plaintiff "was informed that he could not carry over his job seniority, except for vacation purposes." Doc. No. 38-1, p. 2.

blood sugar, and regulate his diet.  Because of his hypertension, Plaintiff must control his temper, limit alcohol, watch what he eats, and avoid salt and pepper.

According to Plaintiff, a number of incidents took place at the Pine Bluff plant where supervisors or fellow workers made derogatory remarks to him because he is bi-racial. None of these incidents took place after 1999.  Plaintiff never filed any complaints or charges in connection with these incidents.

On April 28, 2003, Plaintiff received a written warning regarding absenteeism, and was required to sign it because future absence could result in termination.  Plaintiff filed an EEOC complaint on May 22, 2003, claiming race and sex discrimination. He alleged three discriminatory acts: denial of seniority; the reprimand for absenteeism; and the threat of termination if he refused to sign the absenteeism warning.  The EEOC issued a right to sue letter on May 29, 2003.  Plaintiff failed to file suit in federal court within 90 days,[4] the time period permitted by Title VII of the 1964 Civil Rights Act.

In October 2003, Plaintiff received a second written absentee warning.  On December 23, 2003, Plaintiff filed another EEOC complaint, claiming that the recent absentee warning was motivated by discrimination based on race, age, disability, and retaliation for filing his first EEOC complaint.  The EEOC issued a right to sue letter on December 29, 2003.  Plaintiff filed this suit connected to the second charge on March 29, 2004, within the applicable time period.

---

[4]Doc. No. 33-4, pp. 107-08.

## II. Summary Judgment Standard

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[5] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[6]

The Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[7] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[8] I must view the facts in the light most favorable to the party opposing the motion.[9] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts,

---

[5]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[6]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[7]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[8]*Id.* at 728.

[9]*Id.* at 727-28.

showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[10]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[11]

## III. Discussion:

### A. Title VII Statute of Limitations:

The Supreme Court determined that the Title VII's administrative charge period is equivalent to a statute of limitations.[12] Consequently, a claim is time-barred if the original administrative charge it is not filed on time.

Title VII requires that a plaintiff file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days "after the alleged unlawful employment practice occurred."[13] Once the EEOC conducts an investigation of the charge and issues a "right to sue" letter, a plaintiff has 90 days to file his claim in federal court.[14]

When a violation is of an ongoing and continuing nature, the statute of limitations begins to run from the date of the last discriminatory act.[15] The Supreme Court has recently limited this continuing violation doctrine, and held that if single acts are alleged--such as failure to promote,

---

[10] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (*quoting City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[11] *Anderson*, 477 U.S. at 248.

[12] *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

[13] 42 U.S.C. § 2000e-5(e)(1).

[14] *Williams v. Thomson Corp.*, 383 F.3d 789 (8th Cir. 2004).

[15] *Kline v. City of Kansas City*, 175 F.3d 660, 664-65 (8th Cir. 1999).

denial of transfer, or refusal to hire--then each occurrence starts a new clock for filing purposes, even when the single acts can be tied together.[16]

### 1. Disparate Treatment Claim Based on Seniority

Defendant argues that Plaintiff's claim of disparate treatment based on seniority is time barred.  The question of timeliness involves two EEOC charges. As stated above, Plaintiff filed one charge but did not file a complaint, while, on the other hand, he filed a later charge that was followed by a timely complaint.  The allegations in each charge are different.

When a plaintiff receives a right to sue letter from the EEOC and fails to file suit within 90 days, a plaintiff is barred from asserting any claims based on the same allegations.[17] A second EEOC charge will not revive the claim, even if the second charge repeats the allegations of the first one.[18]  In the present case, Plaintiff's first right to sue letter issued on May 29, 2003 and no complaint was filed by the 90 day deadline. However, Plaintiff met the deadline to file his complaint for his second EEOC charge. Plaintiff attempts to merge his earlier claims with his later claims, by arguing a continuous pattern of discrimination.

Plaintiff asserts that he continued to suffer damage from a discriminatory seniority system and his claims are timely because of a continuing violation.         As stated above, when a series of acts constitutes a violation of Title VII, they are considered as a whole, as long as plaintiff files a timely EEOC charge for at least one of the acts.[19]  In this case, Plaintiff filed

---

[16]*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

[17]*Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

[18]*Spears v. Mo. Dept. Of Corrections & Human Resources*, 210 F.3d 850, 853 (8th Cir. 2000).

[19]*Id*. at 105.

one timely discrimination charge on seniority, but he missed the 90 day deadline for filing a claim in federal court. His second charge makes no mention of seniority.  So, the continuing violation theory is of no benefit to Plaintiff because the single timely charge related to seniority lapsed when the 90 day period ran.

Even if one timely seniority claim had been made,  Plaintiff's allegation of a disparate seniority practice is evaluated as one distinct act rather than as part of a pattern of discrimination.

Plaintiff alleges that Defendant refused to award him the seniority he deserved, and, by contrast, gave seniority to newer Caucasian workers. Such an allegation describes a specific act by Defendant -- i.e., bypassing Plaintiff for seniority in favor of Caucasian employees.  When there are allegations of a specific illegal action, it starts a new clock running for filing an EEOC charge, and an employee must file before the clock runs 180 days after the discriminatory action occurs.[20]  In this case, after Plaintiff filed the first charge, he never filed a timely lawsuit, and he never filed another charge alleging new incidents of disparity in the seniority system.  Plaintiff's claim based on failure to award seniority is time-barred.

In addition to raising the continuing violation theory, Plaintiff asserts that the second EEOC charge encompasses all the allegation in the first charge because of the retaliation allegations.  However, the Eighth Circuit has held that retaliation claims are not related to a preceding discrimination claim.[21]

---

[20]*Morgan*, 536 U.S. at 111.

[21]*Duncan v. Delta Consolidated Industries, Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004).

The Eighth Circuit addressed similar facts in *Williams v. Little Rock Municipal Water Works.*[22]  In *Williams*, an African-American plaintiff alleged in her EEOC charge that she had been denied a promotion and a merit raise in retaliation for having filed an EEOC charge three years earlier. Her Title VII complaint alleged retaliation and race discrimination.  The discrimination claim was based on conduct occurring three years earlier.   The Eighth Circuit affirmed the dismissal of her preceding discrimination claim, because it was separate and distinct from her retaliation claim.[23]  The retaliation claim, therefore, does not revive the discrimination claim based on failure to award seniority.

### 2.  Hostile Work Environment Claim

Generally, the continuing violation theory is applied in hostile work environment claims, because these are claims that involve a pattern of continuing bad conduct. "A hostile work environment is an ongoing nightmare for the employee victim, in legal parlance, a 'continuing violation.'"[24]

However, all the harassing incidents identified by Plaintiff occurred in 1999, and are, therefore, time-barred.  An employee has 180 days after an alleged unlawful employment practice in which to file a charge with the EEOC.[25]  Again, if the unlawful employment practice is part of a continuing  hostile work environment, an EEOC charge is timely if it is filed within

---

[22]21 F.3d 218 (8th Cir. 1994).

[23]*Id.* at 222-23.

[24]*Gipson v. KAS Snacktime Co.*,83 F.3d 225, 229 (8th Cir.  1996); *See also Delph v.  Dr. Pepper Bottling Co.  Of Paragould, Inc.*, 130 F.3d 349 (1997); *Madison v.  IBP, Inc.*, 330 F.3d 1051 (8th Cir.  2003).

[25]*Diaz v. Swift-Eckrich, Inc.*, 318 F.3d 796, 798 (8th Cir. 2003).

180 days of any act that is part of the hostile work environment.[26]  Plaintiff did not include charges of hostile work environment in either claim.

### 3. Sex Discrimination:

Plaintiff made allegations of sex discrimination in his first charge, but did not raise the issue in the second charge.   Therefore, any claims based on sex are time-barred.[27]

### B.   Retaliation:

Plaintiff's retaliation claim is not time-barred.  However, it fails on the merits.  To establish a *prima facie* case of retaliation, Plaintiff must show that he engaged in protected conduct, that he suffered an adverse employment action, and that the adverse action was causally linked to the protected conduct.[28]

The critical element to a retaliation claim is adverse employment action.[29]  It is so critical that summary judgment is appropriate if the Plaintiff fails to provide sufficient facts demonstrating that he suffered an adverse employment action.[30]

An adverse employment action is a "tangible change in duties or working conditions that constitute a *material employment disadvantage*."[31]  A disciplinary warning is not an adverse

---

[26]*Nat'l R.R. Passenger Corp.*,at 101.

[27]*See Smith v. Office of Economic Opportunity*, 538 F.2d 226, 228 (8th Cir.1976) (claims which are not the subject of an EEOC charge are not within the jurisdiction of the court).

[28]*Griffith v. City of Des Moines*, 387 F.3d 733, 738 (8th Cir. 2004).

[29]*Moisant v. Air Midwest, Inc.*, 291 F.3d 1028, 1031 (8th Cir. 2002).

[30]*Baucom v. Holiday Cos.*, 428 F.3d 764, 768 (8th Cir. 2005).

[31]*Burchett v. Target Corp.*, 340 F.3d 510, 518 (8th Cir. 2003) (emphasis added).

employment action.[32]  A poor performance rating is not an adverse action, unless Plaintiff shows a clear link to a detrimental result.[33] "An unfavorable evaluation is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment."[34]

Plaintiff's claim of retaliation involves two alleged adverse actions: (1) denial of vacation privileges and (2) a second reprimand for absenteeism.

Plaintiff asserts that after his EEOC complaint, "his seniority/anniversary date for vacations was changed, preventing him from taking the same summer dates for vacations that he had taken since 1994."[35]

While denial of accrued vacation time can be an adverse employment action,[36] Plaintiff does not allege that he could not take a vacation--he alleges that he was given an inconvenient time to take his two week vacation.

Plaintiff's evidence does not raise a reasonable inference of an adverse employment action.  Defendant informed Plaintiff in 1994 that his anniversary date for vacation purposes

---

[32]*Baucom*, 428 F.3d at 768.

[33]*Spears v. Missouri Department of Correction & Human Resources*, 210 F.3d 850, 854 (8th Cir. 2000).

[34]*Id.*

[35]Doc. No. 38-1, p. 11 (emphasis omitted).  Plaintiff states that the vacation change occurred after his December EEOC charge, but this appears to be a typographical error.

[36]*Hudson v. Norris*, 227 F.3d 1047, 1051(8th Cir. 2000) (holding that a large number of adverse actions -- including denial of vacation time, denial of promotion, and two internal affairs investigations-- occurring soon after employee's protected activity were significant evidence of retaliation); *see also Coffman v. Tracker Marine, L.P.*, 141 F.3d 1241, 1245 (8th Cir. 1998) (holding that denial of permission to take federal holidays off was an adverse employment action when employee had negotiated to have all federal holidays off with pay).

9

would be August 9, 1994, which corresponded with his hire date at the Pine Bluff plant.[37]  In 2002, Defendant informed Plaintiff that his August anniversary date was incorrect.[38]  Despite this, Plaintiff continued to take his vacations according to an August to August year rather than a June to June year.  In 2004, approximately one month after the filing his first EEOC charge, Plaintiff was informed in writing that his anniversary date for vacation purposes was June 21, which corresponded with his original hire date at the Louisiana plant.[39]

Plaintiff appears to complain about the change in his anniversary date from August to June, stating that Defendant "incorrectly maintained his anniversary date for vacation purposes, or recently incorrectly changed the same."[40]  Plaintiff claims that the change from an August date to a June date prevented him from taking his vacation in July of 2004, the month in which he had taken his vacation since 1993.[41]  Plaintiff also states that his vacation "was supposed to be calculated from his original hire date."[42]  According to the record, his original hire date at the Louisiana plant was June 21, 1989.  If his vacation date was supposed to be in June, then Defendant's change of his vacation date from August to June was legitimate and was not an adverse employment action.[43]

---

[37] Doc. No. 38-2, pp. 8-9.

[38] Doc. No. 33-4, p. 12.

[39] Doc. No. 38-2, p. 10.

[40] Doc. No. 39, p. 2.

[41] Doc. No. 39, p. 2; Doc. No. 33-4, pp. 12-13.

[42] Doc. No. 39, p. 1.

[43] At the same time, Plaintiff appears to be unhappy about the August anniversary date, claiming that Defendant owes him compensation for the years in which he took his vacation based on an August to August vacation year.  Doc. No. 33-4, p. 13.  Plaintiff thus complains about having

In any case, Plaintiff has received a paid vacation every year.[44]  The facts of this case do not rise to the level of the adverse employment actions in *Hudson*[45] and *Coffman*,[46] where the plaintiffs were not allowed to take the paid vacation time to which they were entitled.  The Plaintiff has not presented sufficient evidence to raise an inference that being compelled to take vacation at an inconvenient time of year altered his employment condition.

The second alleged adverse action is the reprimand.  Even assuming that Plaintiff presented sufficient evidence that the second reprimand adversely affected his working conditions, there is not enough evidence connecting the disciplinary action to his EEOC charge.  "Generally, more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation."[47] In this case, too much time elapsed between the two events to infer a causal link.[48]  In fine, there is no evidence creating a genuine dispute on Plaintiff's retaliation claim.

Because there is no genuine issue of material fact as to any adverse employment action against Plaintiff, Defendant is entitled to summary judgment as to Plaintiff's discrimination claims.

---

a June anniversary date and about having an August anniversary date.

[44]Doc. No. 32, p. 6.

[45]227 F.3d at 1051.

[46]141 F.3d at 1245 .

[47]*Scroggins v. University of Minnesota*, 221 F.3d 1042, 1045 (8th Cir. 2000).

[48]*Sowell v. Alumina Ceramics, Inc*., 251 F.3d 678, 685 (8th Cir. 2001) (holding that a seven-month time lapse between the protected activity and the alleged retaliatory act is, without more, too long for the incidents to be temporally, and therefore, causally related). *See also Gagnon v. Sprint Corp*., 284 F.3d 839, 851-52 (8th Cir. 2002) (noting that a one-month lapse between the protected activity and the retaliatory act is insufficient to support a causal link alone).

**C. Age Discrimination**

Plaintiff also alleges that he received his second written reprimand because of his age. In order to demonstrate a *prima facie* case for age discrimination, under the Age Discrimination in Employment Act ("ADEA"), Plaintiff must show: (1) he was a member of the protected class; (2) he was meeting the legitimate expectations of his employer; (3) he suffered an adverse employment action; and (4) he was unfairly reprimanded for conduct that was similar to conduct engaged in by a younger person.[49] Because Plaintiff cannot demonstrate that the second reprimand meets the standard for an "adverse employment action," he cannot make out a *prima facie* case and the claim fails.[50]

**D. ADA Claim**:

Plaintiff's claim under the Americans with Disabilities Act ("ADA") cannot withstand summary judgment. A disability within the meaning of the ADA requires a physical or mental impairment that *substantially* limits one or more major life activities.[51] Considering all of the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in favor of Plaintiff, Plaintiff is not disabled within the meaning of the ADA because Plaintiff is not substantially limited in any major life activity.

**IV. Conclusion**

---

[49] *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379 (8th Cir. 1994).

[50] *Id.*

[51] 42 U.S.C. § 12102(2)(A); *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002)(merely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity) (emphasis added).

Plaintiff failed to filed a timely complaint in federal court on his alleged denial of seniority based on race and sex. Plaintiff did not file a timely EEOC charge on his hostile work environment claims based on race. Therefore, all these claims are barred by Title VII's time limitations and should be dismissed with prejudice.

Plaintiff's claims based on retaliation are without foundation, because he has not produced sufficient facts to raise an inference that the change in his vacation dates and the second reprimand were adverse employment actions related to his complaints of discrimination. Similarly, Plaintiff's age case fails for lack of sufficient evidence showing adverse employment action due to age. Finally, Plaintiff's disability claim fails because there is insufficient evidence that his hypertension and diabetes limit a major life activity and are disabilities under the ADA.

Accordingly, Defendant's Motion for Summary Judgement is GRANTED, and this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 24th day of May, 2006.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE